**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PLUMBERS PENSION FUND, LOCAL 130, U.A., *et al.*, | ) | Case No. 22 CV 5502 |
| *Plaintiffs*, | ) | Honorable Judge Gettleman |
| v. | ) | Magistrate Judge Cummings |
| JESUS MARTINEZ and JUANA MARTINEZ, sole Proprietors of JM PLUMBNG, an unincorporated Business, and JM COMMERCIAL PLUMBING, LLC, an Illinois limited liability company, | ) | |
| *Defendants.* | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

NOW COME Defendants, JESUS MARTINEZ and JUANA MARTINEZ, sole proprietors, *d/b/a* JM PLUMBING (collectively, "Martinez" or "JM Plumbing"), and JM COMMERCIAL PLUMBING, LLC ("JM Commercial"), an Illinois limited liability company, (hereinafter, collectively, "Defendants"), by and through their undersigned attorney, Megan M. Moore of Allocco, Miller & Cahill, P.C., and for their Answer to the Complaint of Plaintiffs, the PLUMBERS' PENSION FUND, LOCAL 130, U.A., et al. (collectively, "Funds"), state as follows:

***Jurisdiction***

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

**ANSWER:** Defendants admit the allegations in Paragraph 1.

***Venue***

2. The Funds are administered in Chicago, Illinois, so that venue is proper in the Northern District of Illinois.

**ANSWER:** Defendants admit the allegations in Paragraph 2.

***Parties***

*The Funds*

3. The Funds are multi-employer plans as defined under 29 U.S.C. §1002.

**ANSWER:** Defendants admit the allegations in Paragraph 3.

4. The Funds receive contributions from numerous employers pursuant to a Collective Bargaining Agreement ("CBA") between the employers and the CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., ("Local 130").

**ANSWER:** Defendants admit the allegations in Paragraph 4.

5. Local 130's territorial jurisdiction includes Bureau, Cook, DeKalb, DuPage, Grundy, Iroquois, Kane, Kankakee, Kendall, Lake, LaSalle, Livingston, Marshall, McHenry, Putnam, Will and Woodford counties, Illinois, and whatever additional geographic and territorial jurisdiction the United Association awards it.

**ANSWER:** Defendants admit the allegations in Paragraph 5.

6. The CBA binds the signatory employers to the provisions of the Declarations of Trust ("Trust Agreements") creating the Funds.

**ANSWER:** Defendants admit the allegations in Paragraph 6.

7. The CBA and Trust Agreements require signatory employers to contribute to the Funds for each hour worked by their Plumber employees, and any other employees performing tasks in the CBA's Scope of Work provision, at the rate and in the manner specified in the CBA and Trust Agreements.

**ANSWER:** Defendants admit the allegations in Paragraph 7.

*Martinez*

8. Husband and wife, Jesus and Juana Martinez, are sole proprietors of the unincorporated entity doing business as "JM Plumbing."

**ANSWER:** Defendants admit the allegations in Paragraph 8.

9. JM PLUMBING is an employer engaged in an industry affecting commerce.

**ANSWER:** Defendants admit the allegations in Paragraph 9.

10. JM PLUMBING entered into a Collective Bargaining Agreement with Local 130. **Ex A**.

**ANSWER:** Defendants admit the allegations in Paragraph 10.

11. Though JM PLUMBING never incorporated, Juana signed the Memorandum Agreement binding JM PLUMBING to the CBA as its "president," and indicated the business was a partnership. **Ex. A.**

**ANSWER:** Defendants admit the allegations in Paragraph 11.

12. JM PLUMBING maintains a website at the address of "plumbingbyjm.com." **Ex. B.**

**ANSWER:** Defendants admit the allegations in Paragraph 12.

13. JM PLUMBING uses the email address jm@plumbingbyjm.com. **Ex. A.**

**ANSWER:** Defendants admit the allegations in Paragraph 13.

14. Juana Martinez is not a licensed plumber.

**ANSWER:** Defendants admit the allegations in Paragraph 14.

15. Jesus Martinez is a licensed plumber and has worked in the trade for over a decade.

**ANSWER:** Defendants admit the allegations in Paragraph 15.

16. Under Illinois law, only a licensed plumber can supervise the work of other plumbers, whether journeymen or apprentices.

**ANSWER:** Defendants admit the allegations in Paragraph 16.

17. Jesus Martinez supervises JM PLUMBING's other plumbers.

**ANSWER:** Defendants admit the allegations in Paragraph 17.

18. Jesus Martinez estimates JM PLUMBING's jobs to provide the amounts for its project bids.

**ANSWER:** Defendants admit the allegations in Paragraph 18.

*JM Commercial*

19. JM COMMERCIAL is an Illinois limited liability company organized in 2018. **Ex. C.**

**ANSWER:** Defendants admit the allegations in Paragraph 19.

20. JM COMMERCIAL has two managers, Jesus and Juana Martinez. **Ex. C.**

**ANSWER:** Defendants admit the allegations in Paragraph 20.

21. On information and belief, Jesus and Juana Martinez co-own JM COMMERCIAL.

**ANSWER:** Defendants admit the allegations in Paragraph 21.

22. JM COMMERCIAL is an employer engaged in an industry affecting commerce, namely, commercial plumbing.

**ANSWER:** Defendants admit the allegations in Paragraph 22.

23. Jesus Martinez supervises JM COMMERCIAL's other plumbers.

**ANSWER:** Defendants admit the allegations in Paragraph 23.

24. Jesus Martinez estimates JM COMMERCIAL's jobs to provide the amounts for its project bids.

**ANSWER:** Defendants admit the allegations in Paragraph 24.

25. Jesus Martinez identifies the projects JM COMMERCIAL will bid on.

**ANSWER:** Defendants admit the allegations in Paragraph 25.

26. JM COMMERCIAL has worked on at least two public works projects, the Victory Park project in Waukegan, Illinois, and the Elwood FPH HQ Reserve Bays project in Elwood, Illinois. **Ex. D.**

**ANSWER:** Defendants admit the allegations in Paragraph 26.

27. JM COMMERCIAL operates out of the same physical location as JM PLUMBING, 9010 Beloit Ave., Bridgeview, Illinois. **Exs. B, C, D.**

**ANSWER:** Defendants admit the allegations in Paragraph 27.

28. JM PLUMBING and JM COMMERCIAL use the same phone and fax numbers: (708) 529-0381, and (312) 671-1081. **Exs. A, C, D.**

**ANSWER:** Defendants admit the allegations in Paragraph 28.

29. JM COMMERCIAL uses a primary email address of jm.1001@live.com, and JM PLUMBING'S address of jm@plumbingbyjm.com as its secondary email address. **Ex. D.**

**ANSWER:** Defendants admit the allegations in Paragraph 29.

30. JM COMMERCIAL uses JM PLUMBING employees to perform its work including Jesus Martinez, Benjamin Osteguin, Onofre Arriaga, Keith Kominski, and David Sullivan.

**ANSWER:** Defendants admit the allegations in Paragraph 30.

31. JM PLUMBING has made at least one payment to JM COMMERCIAL.

**ANSWER:** Defendants admit the allegations in Paragraph 31.

## COUNT ONE
### *Audit of JM Plumbing*

32. The Funds reallege paragraphs one through thirty-one of the Amended Complaint as though fully set forth herein.

**ANSWER:** Defendants restate their answers to Paragraphs one through thirty-one as their answer to Paragraph 32.

33. The CBA and Trust Agreements require signatory contractors to submit to periodic audits of their books and records to determine if they fully paid the fringe benefits due for their employees performing bargaining unit work.

**ANSWER:** Defendants admit the allegations in Paragraph 33.

34. The Funds requested JM PLUMBING submit to an audit for the period from July 1, 2017 to present.

**ANSWER:** Defendants admit the allegations in Paragraph 34.

35. When initially contacted by the Funds' auditor, Defendant, however, declined to commit to a date when the auditor could review his books and records.

**ANSWER:** Defendants admit the allegations in Paragraph 35.

36. During the period of the original Complaint, JM PLUMBING produced some documents, but withheld others, such as its 2017 payroll and transaction register.

**ANSWER:** Defendants deny the allegations in Paragraph 36.

37. JM PLUMBING informed the Funds' auditor there were no payroll records/register for the year 2017 because he was the company's sole employee that year.

**ANSWER:** Defendants admit the allegations in Paragraph 37.

38. However, JM PLUMBING contributed on employee Richard Joslyn from January through June 2017, and previously provided the auditor with 2017 W-2s for Joslyn, Edgar Martinez, and Benjamin Osteguin.

**ANSWER:** Defendants admit the allegations in Paragraph 38.

**COUNT TWO**
***Audit of JM Commercial***

39. The Funds re-allege paragraphs one through thirty-one and thirty-three, as though fully set forth herein.

**ANSWER:** Defendants restate their answers to Paragraphs one through thiry-one and thirty-three as its answer to Paragraph 39.

40. The CBA contains the following provision:

> **SECTION 14.1. Employer Entities Bound.** This Agreement is binding upon the Employer regardless of whether he or it changes the name or address of his or its business and upon any other business entity within the trade and territorial jurisdiction of the Union which is owned, managed, controlled and/or operated by the Employer or its principals or any of them. This paragraph is intended to apply to the scope of work covered by this Agreement and shall not be construed as adding to the scope of such work.

**ANSWER:** Defendants admit the allegations in Paragraph 40.

41. JM COMMERCIAL's work is within the plumbing trade.

**ANSWER:** Defendants admit the allegations in Paragraph 41.

42. JM COMMERCIAL's work is within the territorial jurisdiction of Local 130.

**ANSWER:** Defendants admit the allegations in Paragraph 42.

43. Jesus Martinez and Juana Martinez own, manage, control, and operate JM COMMERCIAL.

**ANSWER:** Defendants admit the allegations in Paragraph 43.

44. JM COMMERCIAL is bound to the CBA and Trust Agreements pursuant to CBA Section 14.1.

**ANSWER:** Defendants admit the allegations in Paragraph 44.

45. Alternatively, JM COMMERCIAL is bound to the CBA and Trust Agreements as a single employer with JM PLUMBING, in that they have common ownership, business purpose, management and supervision, location, employees, contact information, and other operational factors.

**ANSWER:** Defendants admit the allegations in Paragraph 45.

46. The Funds previously requested the provision of JM COMMERCIAL's books and records in the course of the JM PLUMBING audit, but JM PLUMBING falsely indicated that JM COMMERCIAL never actually operated.

**ANSWER:** Defendants admit only that the Funds requested the provision of JM COMMERCIAL's books and records in the course of the JM PLUMBING audit and deny all remaining allegations in Paragraph 46.

47. JM COMMERCIAL did not contribute to the Funds for the bargaining unit work performed by its employees.

**ANSWER:** Defendants deny the allegations in Paragraph 47.

48. As JM PLUMBING sought to conceal JM COMMERCIAL's work through his misrepresentation to the Funds' auditor that JM COMMERCIAL never operated, and failed to contribute to the Funds for its work, when JM PLUMBING had reason to know of the obligation to do so under the CBA, JM PLUMBING and JM COMMERCIAL demonstrated a desire to avoid labor obligations and/or anti-union animus.

**ANSWER:** Defendants deny the allegations in Paragraph 48.

49. JM COMMERCIAL is further bound to the CBA as JM PLUMBING'S alter ego.

**ANSWER:** Defendants admit the allegations in Paragraph 49.

Dated April 26, 2023

Respectfully submitted,

**JESUS MARTINEZ and JUANA MARTINEZ, as sole proprietors of JM PLUMBING; and JM COMMERCIAL PLUMBING, LLC**

By: /s/ *Megan M. Moore*
One of their Attorneys

Todd A. Miller (Atty No. 6216561)
Kathleen M. Cahill (Atty No. 6269486)
Megan M. Moore (Atty No. 6317238)
ALLOCCO, MILLER & CAHILL, P.C.
*Counsel for Defendants*
20 N. Wacker Drive, Suite 3517
Chicago, Illinois 60606
(312) 675-4325 TEL
(312) 675-4326 FAX
*mmm@alloccomiller.com*

**CERTIFICATE OF SERVICE**

I, Megan M. Moore, an attorney of record, hereby certify that I electronically filed the attached, *Defendants' Answer to Plaintiffs' First Amended Complaint*, with the Clerk of the Court using the CM/ECF system on this 26th day of April 2023, which will send notice of such filings to the following:

Andrew S. Pigott
GREGORIO, STEC, KLEIN & HOSÉ
Attorney for Plaintiffs
2 N. LaSalle St., Suite 1650
Chicago, IL 60602
312/263-2343
apigott@gregoriolaw.com

/s/ *Megan M. Moore*

Todd A. Miller (Atty No. 6216561)
Kathleen M. Cahill (Atty No. 6269486)
Megan M. Moore (Atty No. 6317238)
ALLOCCO, MILLER & CAHILL, P.C.
*Counsel for Defendants*
20 N. Wacker Drive, Suite 3517
Chicago, Illinois 60606
(312) 675-4325 TEL
(312) 675-4326 FAX
*mmm@alloccomiller.com*