**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PLUMBERS' PENSION FUND, LOCAL 130, U.A., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 22 CV 5502 |
| | ) | |
| v. | ) | District Judge Gettleman |
| | ) | |
| JESUS and JUANA MARTINEZ d/b/a JM PLUMBING, | ) | |
| and JM COMMERCIAL PLUMBING, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs, by and through their attorneys, Andrew S. Pigott, and Gregorio, Stec, Klein & Hosé, present their Motion for Partial Summary Judgment on all counts of their Complaint, stating as follows:

1. Federal Rule of Civil Procedure 56(a) provides:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

2. Here, the undisputed facts show that:

   a. Defendant JM Plumbing, a sole proprietorship owned and operated by Jesus and Juana Martinez, signed and never terminated a Memorandum Agreement ("MOA") that bound it to Collective Bargaining Agreement ("CBA") with Plumbers Local 130.

   b. Both the MOA and the CBA bound JM Plumbing to the Plaintiff Funds' Trust Agreements.

   c. The MOA, CBA, and Trust Agreements all required JM Plumbing to contribute to the Funds.

d. An ERISA fringe benefit contribution compliance audit by the Funds revealed that JM Plumbing did not meet all of its contribution obligations.

e. After the acceptance of all audit challenges, save for $61,388.86 the Funds claim as contributions based on the treatment of cash withdrawals, without supporting documentation from JM Plumbing respecting their use, as wages, the agreed upon findings were: $183,139.79 in contributions, $14,651.18 in liquidated damages, and $86,248.55 in interest, for a total of $284.039.52.

f. JM Commercial Plumbing was a single employer with or alter ego of JM Plumbing, and was otherwise bound to the Local 130 CBA under its "Employer Entities Bound" provision.

3. In support of this Motion, Plaintiffs are contemporaneously filing a Local Rule 56.1 Statement and a Memorandum of Law.

WHEREFORE, the Plaintiff Funds ask this Court to:

A. Enter partial summary judgment on Count One and Two of the First Amended Complaint against all Defendants, jointly and severally, in the amount of $284.039.52;

B. Set a trial date respecting the remaining, roughly $73,000.00 claimed, and permit Plaintiffs to petition for their fees and costs under ERISA and the CBA thereafter;

C. Find there to be no just reason for delay in enforcement of the partial summary judgment granted;

D. Waive FRCP 60's execution stay; and

E. Grant Plaintiffs have such other and further relief as the Court may deem just and equitable.

Respectfully submitted,
**PLUMBERS' PENSION FUND LOCAL 130, U.A., *et al.***

By: /s Andrew S. Pigott
One of their Attorneys

**Gregorio, Stec, Klein & Hosé**
Two N. LaSalle St., Suite 1650
Chicago, Illinois 60602
312-263-2343
apigott@gregoriolaw.com