**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PLUMBERS' PENSION FUND, LOCAL 130, U.A., *et al.*, )
)
Plaintiffs, ) Case No.: 22 CV 5502
)
v. ) District Judge Gettleman
)
JESUS and JUANA MARTINEZ d/b/a JM PLUMBING, )
and JM COMMERCIAL PLUMBING, LLC )
)
Defendants. )

**PLAINTIFFS' LOCAL RULE 56.1 STATEMENT**

Plaintiffs, by and through their attorneys, present their Local Rule 56.1 Statement, as follows:

1. Plaintiffs are ERISA fringe benefit funds affiliated with Chicago Journeymen Plumbers Local 130, UA a labor organization under the Labor Management Relations Act. *C. Anish Decl.* ¶1. (Ex. A).

2. The Funds are administered in Chicago, Illinois. *Id.* at 3-4; *Defts. Ans. 1st Am. Compl.* ¶2 (Ex. B).

3. All Defendants' primary place of business is in Bridgeview, Illinois. *Defts. Ans. 1st Am. Compl.* ¶27.

4. The Funds receive contributions from employers pursuant to Collective Bargaining Agreements ("CBAs") they have with Local 130, by which they also participate in the Funds. *C. Anish Decl.* ¶3.

5. The Funds are multi-employer plans as defined under 29 U.S.C. §1002, and are intended third-party beneficiaries of the CBAs. *Id.* at ¶5; *Defts. Ans. 1st Am. Compl.* ¶3.

6. JM Plumbing ("JM Plumbing") was one such participating employer. *C. Anish Decl.* ¶6.

7. JM Plumbing never incorporated in the State of Illinois. *Defts. Ans. 1st Am. Compl.* ¶11.

8. On April 11, 2016, JM Plumbing signed a Memorandum Agreement ("MOA") with Chicago Journeymen Plumbers Local Union No. 130, UA. *C. Anish Decl.* ¶7; *Defts. Ans. 1st Am. Compl.* ¶10.

9. Juana Martinez signed the MOA on behalf of JM Plumbing as its "president" and indicated in the MOA that JM Plumbing was a partnership. *Defts. Ans. 1st Am. Compl.* ¶11.

10. Together, Juan and Juana Martinez are the sole proprietors of JM Plumbing. *Id.* at ¶8.

11. Under the MOA:

> The Employer and Union specifically adopt and agree to abide by and be bound by all clauses, terms and provisions of the collective bargaining agreement between the Union and the Plumbing Contractors Association of Chicago and Cook County (hereinafter referred to as the "Contractors Association") dated June 1,1992 with the same force and effect as though said collective bargaining agreement were set forth in full herein, and any amendments, modifications, supplements, extensions or renewals thereof, and any subsequent collective bargaining agreements as will be negotiated from time to time in the future by the Union and Contractors Association, unless notice to terminate this Memorandum Agreement is given by the Union or Employer ***. *Id.* at Ex. A.

12. JM Plumbing never provided notice to terminate its CBA. *C. Anish Decl.* ¶9.

13. The contribution provisions of Article IX of the CBAs state "each Employer will contribute the sum per hour set forth or to be determined in the manner set forth *** for each hour worked by and on behalf of each employee covered by this Agreement to" each of the Plaintiff Funds. *Id.* at ¶11.

14. Article IX of the CBAs required JM Plumbing to submit reports to the Funds identifying the bargaining unit members that worked for it during any given contribution month, the number of hours the member worked, and the contributions due on his/her behalf, along with those contributions. *Id.* at ¶12.

15. Section 9.8 of every Plumbers Local 130 CBA with the Plumbing Contractors Association from 2017 forward has contained the text: "An Employer who fails to make such contributions and deductions by the due date therefore, shall pay, in addition to the actual delinquent amounts, interest thereon beginning with the due date at the rate of a minimum of eight percent (8%) per annum or Prime plus three percent (3%) whichever is higher and liquidated damages in the amount of eight percent (8%) on the cumulative outstanding balance due." *Id.* at ¶13.

16. CBA section 1.6 provides:

> Duly authorized representatives of the Fringe Benefit Funds shall be extended the same right, as described above, in order to inspect or audit all books and records of the Employer which pertain or relate to the Employer's compliance with this Agreement. Such records which shall be available for inspection or audit include but are not limited to payroll and time records, time books, payroll and income tax returns, blueprints, contracts, invoices, permits, and documents related to workers compensation, public liability and unemployment insurance coverage. It is understood and agreed that such visit, inspection or audit shall in no way hinder the progress of the work being performed. Should the Employer refuse to permit such inspection or audit as authorized by this Article, the Employer shall be liable for all costs and legal fees incurred by the Union or the Fringe Benefit Funds in obtaining a court order requiring the Employer to permit such inspection or audit. Such liability shall be in addition to and not in lieu of any relief or remedies available in such proceeding to the Union, or the Trustees of the Fringe Benefit Funds under any Illinois or federal law. *Id.* at ¶14.

17. Under JM Plumbing's MOA:

> The Employer further specifically adopts and agrees to abide by and be bound by all the clauses, terms and provisions of the Trust Agreements establishing and governing:
> (a) the Plumbers' Pension Fund, Local 130, U.A., being that Trust Agreement dated May 14, 1953;
> (b) the Plumbers' Welfare Fund, Local 130, U. A., being that Trust Agreement dated October 3, 1950;
> (c) the Trust Fund for Apprentice and Journeymen Education and Training, Local 130, U.A., being that Trust Agreement dated June 1, 1965;
> (d) the Chicago Journeymen Plumbers' Local Union 130, U.A. Group Legal Services Plan Fund, being that Trust Agreement dated May 11, 1987;
> (e) the Plumbers' Retirement Savings Fund, Local 130, U.A., being that Trust Agreement dated September I, 1998;
>
> and any amendments previously made thereto with the same force and effect as though said Trust Agreements were set forth in full herein. The Employer ratifies, accepts and irrevocably designates as its representatives the Employer Trustees of each of said Funds who from time to time shall be appointed as such in accordance with the terms of the Trust Agreements. The Employer agrees to make the contributions required by the Association Agreements referred to in paragraph 2, above, into the Funds established and governed by said Trust Agreements and to be bound by all amendments thereto hereafter made as if the Employer had signed the original of said Trust Agreements and any amendments from time to time made or to be made. *Id.* at ⁋15.

18. The Trust Agreements required JM Plumbing to contribute to the Funds at the rates set out in the applicable CBA. *C. Anish Decl.* ⁋16; *Defts. Ans. 1st Am. Compl.* ⁋7.

19. The Trust Agreements required JM Plumbing to submit to audit to ensure it fully met its contribution obligations. *C. Anish Decl.* ⁋17; *Defts. Ans. 1st Am. Compl.* ⁋33.

20. The Plaintiff Plumbers Welfare Fund Local 130, UA also serves as the collection agent for payroll deductions due to Local 130 under the CBA, including for Union dues, the Target Fund, Building Fund, and PAC. *C. Anish Decl.* ⁋19.

21. JM Plumbing underwent an audit by the Funds for the period from July 1, 2017 through December 31, 2022 producing total findings in excess of $1,000,000.00. *J. Keene Decl.* ¶4. (Ex. C).

22. JM Plumbing produced a series of challenges to the audit findings. *Id.* at ¶6.

23. Following evaluation of JM Plumbing's challenges, JM Plumbing and the Funds agree that the following contributions, liquidated damages, and interest are due and owing to the Funds:

| | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | TOTAL |
|---|---|---|---|---|---|---|---|
| Welfare Fund | $ 15,806.70 | $ 44,278.73 | $ 944.48 | $ 526.49 | $ 1,290.45 | $ 4,620.54 | $ 67,467.38 |
| Retiree Welfare Fund | $ 3,767.40 | $ 9,180.80 | $ 167.63 | $ 66.48 | $ 153.93 | $ 757.29 | $ 14,093.51 |
| Pension Fund | $ 15,492.75 | $ 44,095.07 | $ 910.07 | $ 484.98 | $ 1,155.38 | $ 4,197.79 | $ 66,336.03 |
| Pension Defined Cont. | $ 2,730.00 | $ 7,999.38 | $ 178.25 | $ 99.50 | $ 304.75 | $ 1,289.00 | $ 12,600.88 |
| Education Fund | $ 1,747.20 | $ 4,837.05 | $ 99.30 | $ 53.88 | $ 131.78 | $ 507.51 | $ 7,376.70 |
| Industry Fund | $ 341.25 | $ 932.00 | $ 18.18 | $ 5.93 | $ 13.88 | $ 48.34 | $ 1,359.56 |
| Group Legal Fund | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Target Fund | $ 614.25 | $ 1,894.95 | $ 40.98 | $ 23.38 | $ 74.50 | $ 322.25 | $ 2,970.30 |
| Building - Garage Fund | $ - | $ 543.38 | $ 18.63 | $ 10.98 | $ 32.38 | $ 112.79 | $ 718.14 |
| Dues Fund | $ 2,301.36 | $ 5,280.55 | $ 126.18 | $ 49.02 | $ 131.05 | $ 575.26 | $ 8,463.40 |
| Savings | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAC | $ - | $ - | $ 25.30 | $ 604.30 | $ 610.05 | $ 514.25 | $ 1,753.90 |
| Sub-Total | $ 42,800.91 | $ 119,041.88 | $ 2,528.97 | $ 1,924.91 | $ 3,898.12 | $ 12,945.00 | $ 183,139.79 |
| | | | | | | | |
| | | | | | | | |
| ***Add Liquidated Damages at 8%*** | | | | | | | $ 14,651.18 |
| ***Add Interest at Prime + 3% per month*** | | | | | | | $ 86,248.55 |
| ***TOTAL*** | | | | | | | $ 284,039.52 |

*Id.* at ¶¶7-8.

24. JM Commercial is bound to the Local 130 CBA by the CBA's "Employer Entities Bound" provision. *Defts. Ans. 1st Am. Compl.* ¶¶40-44.

25. JM Commercial is the admitted alter ego of JM Plumbing. *Id.* at ¶*49.*

26. In addition to the agreed audit amount, there also remains in dispute between the Funds and JM Plumbing roughly $73,000.00 the Funds claim as contributions based on the

treatment of cash withdrawals, without supporting documentation from JM Plumbing respecting their use, as wages. *C. Anish Decl.* ⁋23; *J. Keene Decl.* ⁋⁋9-10

Respectfully submitted,
**PLUMBERS' PENSION FUND, LOCAL 130, U.A.**, *et al.*,

By. /s/ Andrew S. Pigott
One of Their Attorneys

**Gregorio, Stec, Klein & Hosé**
Two N. LaSalle St., Suite 1650
Chicago, Illinois 60602
312-263-2343
apigott@gregoriolaw.com