**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PLUMBERS' PENSION FUND, LOCAL 130, U.A., *et al.*, )
)
Plaintiffs, ) Case No.: 22 CV 5502
)
v. ) District Judge Gettleman
)
JESUS & JUANA MARTINEZ d/b/a JM PLUMBING, )
and JM COMMERCIAL PLUMBING, LLC, ) Magistrate Cummings
)
Defendant. )

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT**

Plaintiffs, by and through their attorneys, Andrew S. Pigott, and Gregorio, Stec, Klein & Hosé, present their Memorandum of Law in Support of their Motion for Partial Summary Judgment, stating as follows:

## *I. Introduction*

Defendants, Jesus and Juana Martinez, sole proprietors of JM Plumbing, entered into Collective Bargaining Agreements providing for the payment of wages and benefits to its Plumber employees on a timely basis. Unfortunately, JM Plumbing either would not or could not keep those promises. A contributions compliance audit by the Plaintiff Funds' auditor revealed under-contribution. Defendant JM Commercial Plumbing, as JM Plumbing's admitted alter ego is jointly and severally liable with JM Plumbing for the under-contribution. As repeatedly represented to the Court by the Parties, there are no factual disputes surrounding the bulk of the audit findings. Plaintiffs should, therefore, receive partial summary judgment on their Complaint for the agreed amount due and owing.

## *II. Factual Background*

The operative complaint in this matter, of which the Court may take judicial notice, is

Plaintiffs' First Amended Complaint, document 37 on the case docket. Count One of that Complaint seeks to compel JM Plumbing's submission to an ERISA fringe benefit contributions audit, and requests a money judgment for any of the audit's findings, jointly and severally, against JM Plumbing, Jesus Martinez, and Juana Martinez. Count Two of that Complaint alleged JM Commercial Plumbing was bound to the Local 130 CBA under its "Employer Entities Bound" provision, based on its commonalities with JM Plumbing, and further alleged it was a single employer with or alter ego to JM Plumbing. Count Two sought a contributions compliance audit of JM Commercial's books and records and judgment for any audit findings.

Otherwise, for their Factual Background, Plaintiffs incorporate their Local Rule 56.1 Statement of Undisputed Material Facts as though fully set forth herein, which shall, henceforth, be referred to as "SMF."

### *III. Summary Judgment Standards*

"A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." *Fed. R. Civ. Pro. 56(a).* "The purpose of a summary judgment motion *** is to eliminate useless trials on undisputed issues of fact." *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995). Thus, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. Pro. 56(a).* "[I]n opposing the motion for a summary judgment, [a party, therefore] is required to present all of his evidence [to establish the existence of an actual factual dispute] or suffer the consequences." *Transnat'l Ins. Co. v. Rosenlund*, 261 F. Supp. 12, 27 (D. Or. 1966). The construction of contracts [like CBAs and Trust Agreements] present legal issues amenable to resolution on summary judgment. *Genesis Ins. Co. v. City of Council Bluffs*, 677 F.3d 806, 811 (8th Cir. 2012).

## *IV. Argument*

### *A. Jurisdiction & Venue*

This Court has federal question jurisdiction under the Employee Retirement Income Security Act and the Labor Management Relations Act. See 29 U.S.C. §§184, 1132. The Plaintiffs are multi-employer benefit funds seeking to perform an audit and recover contributions due from a participating Employer through the enforcement of their own Trust Agreements as well as the provisions of a Collective Bargaining Agreement. **(SMF ⁋⁋1-2, 13, 16-19).**

Venue lies in the Northern District of Illinois as the Plaintiff Funds are administered in Chicago, and all Defendants' primary place of business is in Bridgeview, Illinois.

### *B. ERISA §515 Claim*

The undisputed material facts meet each element of an ERISA collections claim. The Plaintiff Funds should, therefore, receive summary judgment on Counts One and Two of their Complaint.

"[T]he prima facie elements for a[n] [ERISA] § 515 violation [are]: (1) the trust fund is a multiemployer plan as defined by § 3(1) of ERISA, 29 USC § 1002(37)(A); (2) defendant is an employer obligated to pay contributions under the terms of the plan; and (3) defendant failed to pay contributions in accordance with the plan." *Shop Ironworkers Local 79 Pension Trust v. United Safe, Inc.*, 1999 U.S. Dist. LEXIS 2647, at *4 (N.D. Cal. Mar. 8, 1999). The Plaintiff Funds are multi-employer ERISA funds, administering ERISA plans. **(SMF ⁋⁋1-2).** Defendant is bound under its MOA to the Funds' Trust Agreements and to the Local 130 CBA. **(SMF ⁋⁋8-11, 17).** The Funds are intended third-party beneficiaries of the CBA. **(SMF ⁋2).** Both the CBA and Trust Agreements require contributions to the Funds. **(SMF ⁋⁋5, 13, 18).** JM Plumbing agrees it is in arrears to the Funds for $183,139.79 in contributions, $14,651.18 in liquidated damages, and

$86,248.55 in interest, for a total of $284.039.52. **(SMF ¶21-23).** JM Plumbing is a sole proprietorship owned and operated by Jesus and Juana Martinez. **(SMF ¶¶7, 10).** Plaintiffs should receive a partial summary judgment on Count One of their Complaint, jointly and severally, against JM Plumbing and Juan Martinez and Juana Martinez, as its sole proprietors, for $284.039.52. See *Vernon v. Schuster*, 179 Ill. 2d 338, 347-48 (1997) ("It is well settled that a sole proprietorship has no legal identity separate from that of the individual who owns it. The sole proprietor may do business under a fictitious name if he or she chooses. However, doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his or her obligations").

Defendant JM Commercial Plumbing is the admitted alter ego of JM Plumbing. **(SMF ¶49).** "If two entities qualify as a 'single employer,' or if one entity is found to be the alter ego of the other, 'then each business is required to make health and welfare contributions as mandated by a governing [collective bargaining agreement], even if one entity did not sign the [agreement].' [Citation.]" *Laborers' Pension Fund v. GA Paving, LLC*, 2018 U.S. Dist. LEXIS 129627, at *10 (N.D. Ill. Aug. 2, 2018). "[C]ourts 'clearly' have subject matter jurisdiction to hold third parties liable for unpaid benefit or dues contributions owed by a signatory to a collective bargaining agreement in such situations." *Id.* at *11.

## V. *Conclusion*

Based on the preceding, undisputed facts, Plaintiffs are entitled to a partial money judgment as a matter of law on their Complaint as to all Defendants.

WHEREFORE, for the all the foregoing reasons, the Plaintiff Funds ask this Court to enter partial summary judgment in the amount of $284.039.52 against all Defendants, and to set a bench

trial to resolve the remaining, roughly $73,000.00 the Funds claim as contributions based on the treatment of cash withdrawals, without supporting documentation from JM Plumbing respecting their use, as wages. Pending the bench trial, and Plaintiffs' subsequent petition for fees and costs, the Funds ask this Court to find there to be no just reason for delay in enforcement of the partial summary judgment granted and to waive FRCP 60's execution stay.

Respectfully submitted,

**PLUMBERS' PENSION FUND, LOCAL 130, U.A.**, *et al.*,

By. /s/ Andrew S. Pigott
One of Their Attorneys

**Gregorio, Stec, Klein & Hosé**
Two N. LaSalle St.
Suite 1650
Chicago, Illinois 60602
Main: 312-263-2343
Direct: 312-319-7608